IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| JOHN ROBERT WHIRTY,<br>TDCJ-CID No. 00195269,<br><br>Plaintiff,<br><br>v.<br><br>JULIA SMITH *et al.*,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§  2:18-CV-239-Z-BR<br>§<br>§<br>§<br>§<br>§ |

## MEMORANDUM OPINION AND ORDER
## DISMISSING CIVIL RIGHTS COMPLAINT

Before the Court is Plaintiff's civil rights complaint brought pursuant to 42 U.S.C. § 1983 against the above-referenced Defendants (ECF No. 3) ("Complaint"), filed December 12, 2018. Plaintiff filed suit *pro se* while incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division. Plaintiff was granted permission to proceed *in forma pauperis*. For the reasons discussed herein, the Court **DIMISSES** Plaintiff's Complaint **WITH PREJUDICE**.

### FACTUAL BACKGROUND

Plaintiff sues Defendant Julia Smith, a Potter County, Texas assistant district clerk, and Defendant Nancy Tanner, who serves as Potter County, Texas county judge. ECF No. 3 at 3. Plaintiff alleges Defendants failed to file his state habeas corpus application to challenge his custody on multiple dates in 2018. *Id.* at 4. Plaintiff alleges Defendants violated his right of access to the courts. *Id.* at 8–9. Plaintiff fails to allege how the failure to file this state habeas corpus affected his legal rights or interests. *See id.*

**LEGAL STANDARD**

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous,[1] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. § 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

**ANALYSIS**

Plaintiff sues Defendants for refusing to file a state habeas application on three occasions. ECF No. 3 at 4. Plaintiff's factual allegations, however, do not support a constitutional violation under 42 U.S.C. § 1983. *See West v. Atkins*, 487 U.S. 42, 48, 108 (1988) (noting to state civil rights claim cognizable under Section 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by one acting under color of state or federal law). Plaintiff is currently in custody on a 1967 state

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).

[2] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire."). Dismissals may also be based on adequately identified or authenticated records. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).

court conviction from Dallas County, Texas, for murder with malice.[3] He is barred from filing a new 11.07 habeas application with the Texas Court of Criminal Appeals because of his previous abuse of the writ on this conviction. *See In re John Robert Whirty*, Case No. WR-5,300-12.

Plaintiff has not stated an actual injury due to the alleged denial of access to the courts stemming from Defendants' alleged refusal to file his state habeas application. *See Lewis v. Casey*, 518 U.S. 343, 351–53 (1996) (inmate may recover for denial of constitutional right to access courts only if he can demonstrate that he suffered actual injury because of alleged denial). In addition, he fails to allege that the refusal to file his state habeas application — which the Texas Court of Criminal Appeals would likely have rejected — should have been filed in Potter County, Texas, when his conviction arises out of Dallas County, Texas. *See Lewis*, 518 U.S. at 354. Therefore, Plaintiff's claims against Defendants lack an arguable basis in law. The Court **DISMISSES WITH PREJUDICE** Plaintiff's claims as frivolous.

### CONCLUSION

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2) and 42 U.S.C. § 1997e(a), the Court **ORDERS** Plaintiff's Complaint filed pursuant to 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE** as frivolous.

**SO ORDERED.**

February 28, 2022

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

---

[3] *See* TDCJ ONLINE INMATE SEARCH (2022),
https://inmate.tdcj.texas.gov/InmateSearch/viewDetail.action?sid=01405568.